UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRIAN HAWKS,

                       Plaintiff,

        v.

DANIEL J. CHAPMAN,
PAUL J. LOSITO,
FRANKLIN D. FRISBIE,
CHARLES W. BUTLER,
JOHN R. ROGERS,
MICHAEL CECCE

                       Defendants.

**REPORT
and
RECOMMENDATION**

**09-CV-941S(F)**

_____

APPEARANCES:         BRIAN HAWKS, *Pro Se*
                               Southport Correctional Facility
                               Box 2000
                               Pine City, NY 14871-2000

                               ANDREW M. CUOMO
                               Attorney General, State of New York
                               Attorney for Defendants
                               KIM S. MURPHY
                               Assistant New York Attorney General, of Counsel
                               Main Place Tower, Suite 300A
                               350 Main Street
                               Buffalo, NY 14202

## JURISDICTION

This action was referred to the undersigned by Honorable William M. Skretny on July 30, 2010, for pretrial motions, including report and recommendation on dispositive motions. The matter is presently before the court on Defendants' motion to dismiss

1

(Doc. No. 13), filed July 22, 2010 ("Defendant's motion").

## **BACKGROUND and FACTS**

Brian Hawks ("Plaintiff"), an inmate in the custody of New York State Department of Correctional Services ("DOCS"), commenced this action, *pro se*, on November 11, 2009, pursuant to 42 U.S.C. § 1983, alleging Defendants, DOCS employees used excessive force in violation of his Eighth Amendment right to be free of cruel and unusual punishment.

During a Rule 16(b) scheduling conference on June 16, 2010, Plaintiff described a different factual version of the alleged assault than as alleged in his complaint filed with the court. (Doc. No. 1). When questioned, Plaintiff acknowledged that he had not written, read or signed the Complaint; rather, another unnamed inmate prepared and signed the complaint for him.

Because of discrepancies between the factual allegations of the complaint and the statements Plaintiff made at the Rule 16(b) conference, Defendants sent Plaintiff notice of Defendant's intention to move pursuant to Federal Rule of Civil Procedure 11 ("Rule(s) ___"), for sanctions on June 25, 2010. Because more than 21 days passed since that notice, and Plaintiff has not withdrawn his complaint. Defendants move for dismissal pursuant to Rule 11. To date, Plaintiff has not responded to Defendant's motion.

2

**DISCUSSION**

Federal Rule of Civil Procedure 11(a) states, in relevant part, "[e]very pleading… must be signed by at least one attorney of record in the attorney's name-- or by a party personally if the party is unrepresented... . The court <u>must</u> strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Additionally, <u>a person</u> who signs, <u>files</u>, submits, or advocates a pleading <u>represents</u> that, to the best of that person's knowledge, <u>the pleading is free of errors</u>. Fed.R.Civ.P. 11(b)-11(b)(3) (underlining added).

Here, Plaintiff's admission on the record that he had not written, read or signed the complaint establishes Plaintiff's failure to comply with Rules 11(a) and 11(b)-11(b)(3). Where a violation of Rule 11 has arguably occurred, a district court cannot decline to impose a sanction based solely on the fact that a plaintiff is proceeding *pro se*. See Fed.R.Civ.P. 11 Advisory Committee's Notes*; Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) ("[R]ule [11] explicitly applies to parties not represented by attorneys..."); *Maduakolam v. Columbia University,* 866 F.2d 53, 55 (2d Cir. 1989) (Rule 11 applies to both represented and *pro se* litigants).

Ordinarily, courts "construe liberally" the pleadings of *pro se* litigants, looking at them "with a lenient eye, allowing borderline cases to proceed." *Phillips v. Girdich*, 408 F.3d 124, 127-28 (2d Cir. 2005) (holding that technical pleading irregularities of a *pro se* litigant, such as a failure to separate and number paragraphs, should be excused); compare *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998) (a district court need not excuse a *pro se* petition which fails to even vaguely suggest an essential element of

a claim for relief). Cases involving technical irregularities should not be dismissed unless "it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997).

A conscious violation of Rule 11, however, such as failure to sign a pleading, is not considered merely technical and thus excusable by a *pro se* litigant. *Hernandez-Avila v. Averill*, 725 F.2d 25, 28 (2d Cir. 1984) (affirming dismissal of *pro se* complaint for violation of Rule 11 where Plaintiff omitted to sign complaint); *DiProjetto v. Allen*, 2009 WL 1405447 (W.D.N.Y. May 18, 2009) (misrepresenting signature on *pro se* complaint not found to be a merely technical error, warranting dismissal without prejudice).

The plain language of Rule 11 requires that a court strike a complaint if the plaintiff does not promptly correct his or her pleading error after it is brought to the plaintiff's attention. *DiProjettom* 2009 WL 1405447 at *2. Here, because Plaintiff has taken no action to file an amended complaint to conform with Rule 11(a), dismissal without prejudice is warranted. See *Jimenez v. Van Riker*, 1996 WL 89281 at *1 (N.D.N.Y. Feb. 27, 1996) (dismissing without prejudice where plaintiff failed to correct omission of signature on complaint). As such, Plaintiff should be permitted to file an amended complaint within 30 days to cure the signature defects.

## CONCLUSION

Based on the foregoing, Defendant's motion to dismiss should be GRANTED; the complaint should be dismissed without prejudice; Plaintiff shall <u>within 30 days</u> of service of this Report and Recommendation file and serve an amended complaint in accordance with the foregoing.

Respectfully Submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATED MAGISTRATE JUDGE

Dated:     October 19, 2010
           Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** Thomas v. Arn, 474 U.S. 140 (1985); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); Wesolek v. Canadair Limited, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: October 19, 2010
           Buffalo, New York