UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRIAN HAWKS,[1]

                          Plaintiff,

        v.

DANIEL J.  CHAPMAN, Correction Sgt.,
PAUL J.  LOSITO, Correction Officer,
FRANKLIN D.  FRISBIE, Correction Officer,
CHARLES W.  BUTLER, Correction Officer,
JOHN R.  ROGERS, Correction Officer, and
MICHAEL CECCE, Correction Officer,

                        Defendants.

_____

**REPORT
and
RECOMMENDATION**

**09-CV-00941S(F)**

APPEARANCES:        BRIAN HAWKS, *Pro Se*
                            04-B-2481
                            Southport Correctional Facility
                            Box 2000
                            Pine City, New York 14871-2000

                            ERIC T. SCHNEIDERMAN
                            Attorney General, State of New York
                            KIM S.  MURPHY
                            Assistant New York Attorney General, of Counsel
                            New York State Attorney General's Office
                            Main Place Tower
                            Suite 300A
                            350 Main Street
                            Buffalo, New York 14202

## <u>JURISDICTION</u>

This action was referred to the undersigned by Honorable William M. Skretny on

---

[1] In an Order entered by District Judge Michael A. Telesca on January 11, 2010 ("January 11, 2010 Order") (Doc. No. 7), the Clerk of the Court was directed to change Plaintiff's name in the caption to "Brian Hawks" to reflect the correct spelling of Plaintiff's name as confirmed by documents submitted by Southport Correctional Facility where the events relative to this action occurred.  January 11, 2010 Order at 1, n. 1.

July 30, 2010, for pretrial matters including preparation of a report and recommendation on dispositive motions.  The matter is presently before this court on Defendants' motion for summary judgment (Doc. No. 40), filed June 27, 2011.

## BACKGROUND and FACTS[2]

Plaintiff Brian Hawks ("Plaintiff" or "Hawks"), proceeding *pro se*, commenced this civil rights action on November 2, 2009, alleging he was subjected to excessive force by Defendants, all employees of the New York State Department of Correctional Services ("DOCS").  Plaintiff particularly alleges that on October 22, 2008, while incarcerated at Southport Correctional Facility ("Southport" or "the correctional facility"), DOCS Corrections Officers Paul J. Losito, Franklin D. Frisbie, Charles W. Butler, John R. Rogers, and Michael Cecce ("Defendant Corrections Officers"), without any cause or provocation by Plaintiff, acting with malice and intent to cause harm, physically assaulted Plaintiff, placed Plaintiff in various restraints, including handcuffs and leg-irons, then continued to assault Plaintiff.  Defendant DOCS Sergeant Daniel J. Chapman, who was assigned as the area supervisor at the time of the assault, failed to intervene.  As a result of the assault, Plaintiff sustained injuries including a 2" laceration on his face, scratches and bruises on his left shoulder, a 2" square bruise under his right eye, and a bruise measuring 2" by 4" and swelling to Plaintiff's left upper eye lid. Plaintiff commenced this civil rights action seeking to recover money damages for his injuries.  Plaintiff also alleged he exhausted available administrative remedies prior to

---

[2] The Facts are taken from the pleadings and motion papers filed in this action.

commencing this action, stating his administrative grievance was denied both initially, and upon administrative appeal.  Complaint at 5.

By text order entered November 18, 2010 (Doc. No. 23), Chief District Judge Skretny granted a motion filed by Defendants on July 22, 2010 (Doc. No. 13), seeking dismissal of the Complaint based on Plaintiff's admission during a Scheduling Conference that he had not written, read, nor signed the Complaint, which was dismissed without prejudice.  Plaintiff was given thirty days to file and serve an amended Complaint that complied with Fed.R.Civ.P. 11.  Accordingly, on January 12, 2011, Plaintiff filed the Amended Complaint (Doc. No. 30), containing essentially the same allegations against the same Defendants as the original Complaint, but not alleging Plaintiff has availed himself of and exhausted administrative remedies regarding the assault prior to commencing this action.  In the answer to the Amended Complaint, filed on January 25, 2011 (Doc. No. 32) ("Answer"), Defendants assert seven affirmative defenses including, as relevant to this discussion, that Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997(e).  Answer ¶ 12 (Sixth Affirmative Defense).

On June 27, 2011, Defendants filed the instant motion for summary judgment (Doc. No. 40) ("Defendants' motion"), along with supporting papers, including the Statement of Undisputed Facts (Doc. No. 41) ("Defendants' Statement of Facts"), Defendants' Memorandum of Law in Support of Motion for Summary Judgment (Doc. No. 42) ("Defendants' Memorandum"), and the Declaration of Sabrina Von Hagn ("Von Hagn"), the DOCS Inmate Grievance Program ("IGP") Officer at Southport (Doc. No.

43) ("Von Hagn Declaration").  A Scheduling Notice entered June 30, 2011 (Doc. No. 44), set July 28, 2011 as the deadline for Plaintiff to file a response, with Defendants to file any reply by August 15, 2011.

To date, Plaintiff has not filed any response in opposition to Defendants' motion. Oral argument was deemed unnecessary.

Based on the following, Defendants' motion for summary judgment should be GRANTED; the Clerk of the Court should be directed to close the file.


## DISCUSSION

Defendants' motion seeks summary judgment and dismissal of the Amended Complaint for failure to exhaust administrative remedies.  Summary judgment on a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010).  The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment.  *Celotex*, 477 U.S. at 322.  Once a party moving for summary judgment has made a properly supported showing as to the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor

and "may not simply rely on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995) (citing cases).  Rather, Fed. R. Civ. P. 56(e) requires that if the nonmovant fails to properly respond, "summary judgment, if appropriate, shall be entered against the adverse party."  Furthermore, "factual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir.1996).

Defendants are alleged to have violated Plaintiff's civil rights under 42 U.S.C. § 1983, pursuant to which an individual may seek damages against any person who, under color of state law, subjects such individual to the deprivation of any rights, privileges, or immunities protected by the Constitution or laws of the United States. Section 1983, however, "'is not itself a source of a substantive rights,' but merely provides 'a method for vindication of federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  Thus, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989); and *Baker*, *supra*, at 140).  In the instant case, Plaintiff alleges Defendants violated Plaintiff's rights under the Eighth Amendment by subjecting Plaintiff to excessive force and failing to intervene to protect Plaintiff from the application of excessive force.

Defendants argue in support of summary judgment of this action claiming Eighth Amendment violations based on excessive force and failure to protect that Plaintiff has failed to exhaust administrative remedies prior to commencing this action, as required

under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.  To date, Plaintiff

has not filed any response in opposition to Defendants' motion, nor have Defendants

filed any reply in further support of the motion.

Pursuant to the PLRA, exhaustion of all available administrative remedies is

required before a § 1983 civil rights action challenging prison conditions, including

excessive force, may be commenced.  28 U.S.C. § 1997e; *Macias v. Zenk*, 495 F.3d

37, 40 (2d Cir. 2007) ("'the PLRA's exhaustion requirement applies to all inmate suits

about prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong.'" (quoting *Porter v.*

*Nussle*, 534 U.S. 516, 532 (2002)).  An inmate's failure to exhaust administrative

remedies prior to commencing legal action is an affirmative defense, the burden of

which is on the defendants to prove.  *Giano v. Goord*, 380 F.3d 670, 677 (2d Cir. 2004)

(citing *Brown v. Croak*, 312 F.3d 109, 112 (3d Cir. 2002)).  Further, exhaustion of

administrative remedies under the PLRA must be in compliance with the relevant state

agency's procedures.  *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion

demands compliance with an agency's deadlines and other critical procedural rules

because no adjudicative system can function effectively without imposing some orderly

structure on the course of its proceedings.").

The Second Circuit, however, recognizes three circumstances in which the

failure to comply with the PLRA's exhaustion requirement will not bar an inmate's civil

rights action.  *Giano v. Goord*, 380 F.3d 670, 677 (2d Cir. 2004).  These circumstances

occur

when (1) administrative remedies are not available to the prisoner; (2)

> defendants have either waived the defense of failure to exhaust or acted in such
> a way as to estop them from raising the defense; or (3) special circumstances
> such as a reasonable misunderstanding of the grievance procedures, justify the
> prisoner's failure to comply with the exhaustion requirement.

*Ruggiero v. County of Orange*, 467 F.3d 170, 175 (2d Cir. 2006) (citing *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)).

None of these three circumstances applies in the instant action because Defendants have established that administrative remedies were available to Plaintiff, Defendants have asserted as their Sixth Affirmative Defense Plaintiff's failure to exhaust administrative remedies, and even a liberal construction of Plaintiff's papers, *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." (internal quotation marks and citation omitted)), fails to establish the existence of any material issue of fact as to whether special circumstances justify Plaintiff's failure to exhaust.

In particular, with regard to the first circumstance requiring that administrative remedies have been available to Plaintiff, Defendants describe the administrative remedies available to inmates housed within correctional facilities in New York. Defendants' Memorandum at 4-5. In New York, the administrative exhaustion procedure is promulgated by the Commissioner of DOCS. *Id*. at 4 (citing N.Y. Corr. Law § 139 (providing that DOCS commissioner shall establish an inmate grievance resolution committee ("IGRC") in each correctional institution under the commissioner's jurisdiction, and "promulgate rules and regulations establishing such procedures for the fair, simple and expeditious resolution of grievances as shall be deemed appropriate, having due regard for the constitutions and laws of the United States and of the state of

7

New York.")).  Accordingly, the Commissioner has established a three-step review

process, 7 N.Y.C.R.R. § 701.5 ("Inmate Grievance Procedures"), which an inmate must

exhaust prior to commencing a § 1983 action.  *Id*. at 4-5 (citing Von Hagn Declaration

¶¶ 3-5).

      The regulations Defendants reference further provide that the Inmate Grievance

Procedures require that an inmate must submit a complaint regarding the grievance to

the IGRC "within 21 calendar days of an alleged occurrence on an inmate grievance

complaint form . . . ."  7 N.Y.C.R.R. § 701.5(a)(1).  The IGRC then has sixteen days

from the receipt of the grievance to review and informally resolve the grievance.  7

N.Y.C.R.R. § 701.5(b)(1).  If the IGRC is unable to informally resolve the grievance, the

IGRC can conduct a hearing on the grievance, at which the grievant and all direct

parties and witnesses must be afforded an opportunity to appear.  7 N.Y.C.R.R. §

701.5(b)(2).  At the close of the IGRC hearing, the IGRC deliberates in private session

and either resolves the matter by agreement of the IGRC, or makes a recommendation

to the superintendent.  7 N.Y.C.R.R. § 701.5(b)(3).

      If the inmate is not satisfied with the IGRC's decision, the inmate can challenge

the decision by filing, within seven days of receipt of the IGRC's decision, an appeal

with the relevant correctional facility's superintendent.  7 N.Y.C.R.R. § 701.5(c).  The

superintendent then has twenty days from receipt of the appeal to respond with a

decision.  7 N.Y.C.R.R. § 701.5(c)(3).  The superintendent's decision must include

"simple directions" on how to appeal the superintendent's decision to the Central Office

Review Committee ("CORC"), and appeals to the CORC must be filed with the Inmate

Grievance Clerk within seven days of receipt of the superintendent's decision.  7

N.Y.C.R.R. § 701.5(d)(1)(i) and (ii).  The CORC then has thirty days within which to review each appeal, render a decision, and transmit its decision to the facility.  7 N.Y.C.R.R. § 701.5(d)(2).  Defendants submit the Declaration of Southport's DOCS IGP Officer Von Hagn ("Von Hagn"), who explains that during all times relevant to Plaintiff's claimed Eighth Amendment violations, the administrative remedies set forth in 7 N.Y.C.R.R. Part 701 were available to Plaintiff in accordance with DOCS Directive No. 4040.  Von Hagn Declaration ¶¶ 2-3 and Exh. A (copy of DOCS Directive No. 4040 setting forth the administrative remedies available to DOCS inmates as outlined by 7 N.Y.C.R.R. Part 701).

Significantly, Plaintiff has not disputed Defendants' assertion that such remedies were available to him at Southport.  Nor has Plaintiff challenged Von Hagn's averments that, in her capacity as DOCS IGP Officer at Southport, Von Hagn, acting upon a request from Defendants' counsel, searched the inmate grievance files and logs maintained in Southport's Grievance Office and determined that Plaintiff has never filed any grievance regarding the Eighth Amendment violations Plaintiff claims to have suffered on October 22, 2008.  Von Hagn Declaration ¶¶ 2, 6-7.  Von Hagn concluded, based on her search, that "DOCS' official grievance record[s] demonstrate that Plaintiff did not pursue his administrative remedies pursuant to [DOCS] Directive 4040 and title 7 NYCRR Part 701, and he thus did not exhaust his administrative remedies."  *Id*. ¶ 8. Accordingly, Plaintiff has not established that his failure to exhaust administrative remedies is excusable on the basis that the required procedures for exhaustion were not available at Southport.

Nor have Defendants waived Plaintiff's failure to exhaust administrative

remedies; rather, a plain reading of the Answer establishes Defendants asserted

Plaintiff's failure to exhaust administrative remedies as their Sixth Affirmative Defense.

Answer ¶ 12 ("Plaintiff's claims are barred, in whole or in part, pursuant to the Prison

Litigation Reform Act, Title 42 U.S.C. § 1997(e), to the extent of plaintiff's failure to

exhaust his administrative remedies.").  As such, Plaintiff has also failed to establish

Defendants are estopped from asserting Plaintiff's failure to exhaust administrative

remedies by not asserting, and, thus, waiving such affirmative defense.

Finally, Plaintiff has not responded to Defendants' motion, and even a liberal

construction of Plaintiff's Amended Complaint, *Triestman*, 470 F.3d at 474-75,

demonstrates the absence of any material issue of fact as to whether special

circumstances justify Plaintiff's failure to exhaust.[3]

Defendants have thus established, as is their burden with regard to their Sixth

Affirmative Defense, *Giano*, 380 F.3d at 677 (the burden is on defendants to prove

affirmative defense that inmate failed to exhaust administrative remedies prior to

commencing legal action), that Plaintiff failed to exhaust administrative remedies with

regard to his claims.  As such, Defendants' motion seeking summary judgment should

be GRANTED.

---

[3] It is unclear whether this third circumstance remains a viable excuse for failing to exhaust following the Supreme Court's holding in *Woodford*, 548 U.S. at 81 (requiring "proper exhaustion" of administrative remedies "using all steps that the agency holds out, and doing so *properly*" (italics in original)).  Nevertheless, here, Plaintiff's complete failure to provide any argument on this point renders it unnecessary for this court to further consider the issue.

## <u>CONCLUSION</u>

Based on the foregoing, Defendants' motion seeking summary judgment (Doc.

No. 40), should be GRANTED; the Clerk of the Court should be directed to close the

file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      February <u>2</u>, 2012
            Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      February 2, 2012
            Buffalo, New York